1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 | MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, Sixth Floor
5 | San Francisco, California 94102-5408
Telephone:     (415) 554-3911
6 | Facsimile:      (415) 554-3837
E-Mail:           meredith.osborn@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM SEPATIS, | Case No. C08-2497 JCS |
|---|---|
| Plaintiff, | **CERTIFICATE OF SERVICE OF NOTICE TO SUPERIOR COURT AND TO PLAINTIFF OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, SEAN FROST, FREDERICK SCHIFF and DOES 1-25, inclusive, | Attached Documents: |
| Defendants. | Notice To Superior Court And To Plaintiff Of Removal To Federal Court (Without Attachments); Order Setting Initial Case Management Conference; Civil Standing Orders for Magistrate Judge Joseph C. Spero; Notice of Assignment of Case to a U.S. Magistrate Judge |

   I, Michael K. Lucero, declare as follows:

   I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On May 16, 2008, I served the Notice To Superior Court And To Plaintiff Of Removal To Federal Court, a copy of which is attached to this Certificate (without attachments), Order Setting Initial Case Management Conference; Civil Standing Orders for Magistrate Judge Joseph C. Spero; and Notice of Assignment of Case to a U.S. Magistrate Judge, on the interested parties in said action, by placing a true copy thereof in a sealed envelope addressed as follows:

JOHN HOUSTON SCOTT, ESQ.<br>
Scott Law Firm<br>
1375 Sutter Street, Suiteu 222<br>
San Francisco, CA  94109<br>
Telephone:  415 561-9600

I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed May 22, 2008, at San Francisco, California.

                                                 /s/<br>
                                       MICHAEL K. LUCERO

| | |
|---|---|
| DENNIS J. HERRERA, State Bar #139669<br>City Attorney<br>JOANNE HOEPER, State Bar #114961<br>Chief Trial Deputy<br>MEREDITH B. OSBORN, State Bar #250467<br>Deputy City Attorney<br>Fox Plaza<br>1390 Market Street, Sixth Floor<br>San Francisco, California 94102-5408<br>Telephone:     (415) 554-3911<br>Facsimile:      (415) 554-3837<br>E-Mail:          meredith.osborn@sfgov.org | ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>MAY 1 6 2008<br><br>GORDON PARK-LI, Clerk<br>BY: _____MARIA SANCHEZ_____<br>Deputy Clerk |

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SEAN FROST & FREDERICK SCHIFF

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| WILLIAM SEPATIS,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SEAN FROST, FREDERICK SCHIFF and DOES 1-25, inclusive,<br><br>          Defendants. | Case No. CGC-07-470090<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S NOTICE TO SUPERIOR COURT AND TO PLAINTIFF OF REMOVAL TO FEDERAL COURT**<br><br>Date Action Filed:     April 14, 2008<br>Trial Date:                Not set |

**TO: THE CLERK OF THE SUPERIOR COURT IN AND FOR THE COUNTY OF SAN FRANCISCO AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on or before May 16, 2008, the undersigned attorney filed in the office of the Clerk of the United States District Court for the Northern District of California on behalf of defendant City and County of San Francisco, a Notice of Removal of Action Under 28 U.S.C. section 1441(b). A copy of said Notice of Removal (without the accompanying exhibits) is attached hereto as **Exhibit A**.

Pursuant to 28 U.S.C. section 1441 *et seq.*, the Superior Court may not proceed any further with this action unless and until this action has been remanded to this Court by the United States District Court.

DATED: May 16, 2008

        DENNIS J. HERRERA
        City Attorney
        JOANNE HOEPER
        Chief Trial Deputy

By: /s/ *signature*
        MEREDITH B. OSBORN
        Deputy City Attorney

Attorneys for Defendant City and County of San Francisco

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM SEPATIS,

    Plaintiff (s),

v.

SF CITY AND COUNTY,
    Defendant(s).

No. C 08-02497 JCS

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE - ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 5/16/2008 | Notice of removal filed | |
| 8/1/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 8/15/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 8/22/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO**
(Revised 3/21/8)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

A.   STANDING ORDER RE CALENDAR AND CONFERENCES

1.   Civil Law and Motion is heard on Fridays at 9:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.   Criminal Law and Motion is heard on Fridays at 10:30 a.m.

3.   Case Management Conferences and Pretrial Conference are heard on Fridays at 1:30 p.m. Case Management Conferences are no longer recorded unless requested by counsel or in cases where at least one party appears pro se. Requests to appear telephonically at case management conferences must be filed and served one (1) week before the conference in accordance with Civil L.R. 16-10(a).

4.   In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed before a U.S. Magistrate Judge and a Request for Reassignment to a United States District Judge forms will be mailed to all parties. The parties are requested, within two (2) weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

5.   Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez at (415) 522-3691.

6.   All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

7.   In all "E-Filing" cases, when filing papers that require the Court to take any action (i.e. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hold punch paper (including

all exhibits) by the close of the next court day following the day the papers are filed electronically. **These printed copies shall be marked "JCS Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Joseph C. Spero", and "E-filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's office that has already been filed electronically.**

8.  Any proposed stipulation or proposed order in a case subject to electronic filing shall be sent by mail to jcspo@cand.uscourts.gov. This address is to be used only for proposed orders unless otherwise directed by the Court.

**B.   STANDING ORDER ON DISCOVERY DISPUTES**

9.  In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice. The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc. Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court. This Joint Letter shall include a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and their final proposed compromise on each issue. Upon receipt of the Joint Letter the Court will determine what future proceedings are necessary.

10.  As soon as a party has notice of this order, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voice mails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by this action.

11.  In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at

which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12. In searching for responsive materials in connection with Fed. R. Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13. To the maximum extent feasible, all party files and record should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

14. Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

15. Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civl P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication. (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

## DEPOSITIONS

16. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an

3

alternative date and place falling within thirty (30) days of the date noticed by the party seeking the deposition.

17.    Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

### C.    STANDING ORDER ON MOTIONS FOR SUMMARY JUDGMENT

18.    Motions for summary judgment shall be accompanied by a joint statement of the material facts not in dispute by citations to admissible evidence. The parties shall file a joint statement of undisputed facts. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Separate statements of undisputed facts shall not be filed and will not be considered by the Court.

### D.    SANCTIONS

19.    Failure to comply with this Order of the Local Rules of this Court may result in sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

Dated: April 21, 2008

JOSEPH C. SPERO
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE
TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge JOSEPH C. SPERO

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk