1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  MEREDITH B. OSBORN, State Bar #250467
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3911
6  Facsimile:     (415) 554-3837
   E-Mail:        meredith.osborn@sfgov.org
7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13  WILLIAM SEPATIS,                    Case No. C08-2497 JCS

14          Plaintiff,                  **DEFENDANTS' CASE MANAGEMENT
                                        CONFERENCE STATEMENT & RULE
15      vs.                             26(F) REPORT**

16  CITY AND COUNTY OF SAN              Conference Date:   August 22, 2008
    FRANCISCO, SEAN FROST,              Time:              1:30 p.m.
17  FREDERICK SCHIFF and DOES 1-25,     Place:             Crtrm A, 15th Floor
    inclusive,                          Judge:             Hon. Joseph C.      Spero
18
           Defendants.                  Trial Date:        Not set
19

20

21

22
         In response to this Court's Case Management Conference Order, defendants City and County
23
of San Francisco ("City"), Officer Sean Frost, and Sergeant Frederick Schiff (hereinafter
24
"defendants") submit the following Case Management Statement.  The parties met and conferred
25
about this statement, and defendants have incorporated plaintiff's revisions herein.  However, after
26
diligent efforts to contact plaintiff's counsel about the final draft of this statement, defendants were
27
unable to speak to plaintiff's counsel to obtain his consent to file this statement jointly.
28

INITIAL JOINT CMC STATEMENT                    1                    n:\lit\li2008\081223\00501021.doc
INSERT CASE NO.  C08-2497 JCS

1.   **Jurisdiction and Service**

Defendants removed this case to federal court and assert federal question jurisdiction under 28 U.S.C. § 1331 and § 1343.  Plaintiff sues for damages under 42 U.S.C. § 1983, alleging violation of his civil rights.  Defendants do not contest personal jurisdiction or venue.

2.   **Facts**

Plaintiff's Statement of Facts

Plaintiff alleges the following:

On the afternoon of Friday, December 15, 2006, a neighbor of plaintiff William Sepatis reported that her car was damaged as a result of a hit and run accident.  The neighbor, Miriam Serxner, reported that her parked car was damaged on Ashbury Street near the corner of Piedmont Street.  A note was left on her car by a witness named Brian who left the license plate number of the plaintiff's vehicle as being responsible for damages to the rear of her vehicle.  At the time plaintiff's vehicle was parked nearby in front of his home located at 959 Ashbury Street.

Officer Kane ran the license plate and recognized the owner, William Sepatis, as a man who had called Park Station several times to complain about speeding on Ashbury Street.  Mr. Sepatis was also known to the officers at Park Station because he had successfully brought a lawsuit for false arrest against officers assigned to Park Station.

Defendant Sean Frost and others responded to the scene of the hit and run and contacted Mr. Sepatis at his home located at 959 Ashbury Street.  Mr. Sepatis cooperated with the officers, provided his license and registration, and allowed the officers to inspect his vehicle.  He also denied being involved in a hit and run earlier that day.

Defendant Sean Frost took photographs of the damage to the Serxner vehicle and the alleged damage to the Sepatis vehicle as part of his investigation.

Later that night Defendant Sean Frost, with the approval of Sgt. Schiff, caused the plaintiff's vehicle to be towed from his residence, without notice.  This was done for punitive purposes and not for a legitimate government interest. The plaintiff was not able to get his car returned to him until the following Monday, December 18th.  The plaintiff incurred the loss of use of his vehicle, fees for the towing and storage, and damage to his vehicle as a result of the towing.

1   The plaintiff has information and believes that his car was towed under the pretext of being

2   placed into evidence in relation to a hit and run.  However, his car was never examined, inspected or

3   held for that reason or any other legitimate reason before it was returned to him.

4                                  Defendants' Statement of Facts

5           Plaintiff's vehicle was towed by San Francisco Police Department officers on Friday,

6   December 15, 2006 after the officers concluded that there was reasonable cause to believe that the

7   vehicle had been involved in a hit-and-run incident.  On December 15, 2006 at approximately 3:30

8   p.m., Miriam Serxner told the officers at Park Police Station that she had been the victim of a hit and

9   run.  She provided the license plate number and a description of the vehicle that hit her car.  The

10  officers ran the license plate and discovered that the vehicle belonged to plaintiff.  Officers Frost and

11  Kacqmarczyk went to plaintiff's residence, knocked on the door, and told plaintiff that the officers

12  were investigating a hit-and-run incident.  Plaintiff provided his vehicle and insurance information to

13  the officers, but denied he was involved in a hit-and-run.  After this initial encounter, plaintiff refused

14  to speak to the officers when they returned to his residence to give him Serxner's vehicle and

15  insurance information or when they attempted to reach him via telephone.

16          Officer Frost took digital photographs of the damage to both plaintiff's and Serxner's vehicles.

17  He also found another note left on Serxner's car identifying as the vehicle that had hit Serxner's as

18  plaintiff's Toyota RAV4.  Officer Frost also contacted witness Brian Heath, who informed Officer

19  Frost that he had witnessed plaintiff's vehicle hit Serxner's vehicle and then continue driving.  With

20  Sergeant Schiff's approval, Officer Frost therefore had plaintiff's vehicle towed as evidence for

21  further inspection and investigation into the hit-and-run incident.

22          Defendants contend that all City employees acted reasonably in connection with the tow of

23  plaintiff's vehicle.  Defendants further allege that they are entitled to qualified immunity and that

24  there is no basis for *Monell* liability.

25          3.    **Legal Issues**

26          The primary legal issues are  (1) whether there was any violation of plaintiff's Fourth or

27  Fourteenth Amendment rights and (2) whether defendants are entitled to qualified or absolute

28  immunity for their actions.

4.     **Motions**

The individual defendants intend to move for summary judgment based on qualified immunity.  The City also intends to move for summary judgment on the ground that no genuine issues of material fact exist, and the defendants are entitled to judgment as a matter of law. Defendants also intend move to bifurcate plaintiff's claims against Officers Schiff and Frost from his claims against the City.

5.     **Amendment of Pleadings**

Plaintiffs do not currently intend to seek to amend their pleadings.

6.     **Evidence Preservation**

Defendants have asked the relevant City departments to preserve evidence, and are attempting to gather all potentially relevant evidence.  Plaintiff is preserving such evidence as is in his possession.

**7.     Disclosures**

On August 15, 2008, the parties will serve their initial disclosures, identifying all persons with discoverable information that the parties may use to support their claims or defenses, and identifying all categories of documents and things in their possession, custody or control that they may use to support their claims or defenses.

**8.     Discovery**

Defendants and the plaintiff need to depose one another and any individuals whom may have been witnesses to events that plaintiff alleges caused him injury and any witnesses to the injuries he alleges.  Depending on plaintiff's claims, defendants may also need to conduct a psychiatric examination of the plaintiff as well.  The parties also intend to issue written discovery within the limits permitted by the federal rules.

**9.     Class Actions**

Not applicable.

10.     **Related Cases**

None, to the parties' knowledge.

11.     **Relief**

INITIAL JOINT CMC STATEMENT
INSERT CASE NO.  C08-2497 JCS

4

1    Plaintiff seeks special and general damages, attorneys' fees, punitive and exemplary damages
2 against the individual defendants, and the cost of suit.

3    12.    **Settlement and ADR**

4    There have been no ADR efforts to date.  The parties have agreed that a settlement conference
5 would be appropriate in this case.

6    13.    **Consent to Magistrate for All Purposes**

7    The parties have consented to proceed before a magistrate judge for any all further
8 proceedings in this case, including trial.

9    14.    **Other References**

10    The parties do not believe the case is suitable for reference to binding arbitration, a special
11 master, or the Judicial Panel on Multidistrict Litigation.

12    15.    **Narrowing of Issues**

13    Defendants believe that a summary judgment motion will likely resolve this entire matter.  In
14 addition, defendants believe that bifurcating the plaintiff's claims against the City from those against
15 the individual defendants will narrow the issues at trial and obviate the need to try those claims at all.

16    16.    **Expedited Schedule**

17    The parties do not believe an expedited schedule is appropriate.

18    17.    **Scheduling:**

19                    Joint Proposed Schedule

20    Close of Discovery:                          November 29, 2008

21    Expert Disclosure:                           December 23, 2008 (90 days before trial)

22    Rebuttal Expert Disclosure:                  January 6, 2009

23    Last Date to File Dispositive Motions:       January 8, 2009 (45 plus 30 days before
24 trial)

25    Close of Expert Discovery:                   January 20, 2009

26    Deadline for Hearing Dispositive Motions:    February 7, 2009 (45 days before trial)

27    Pretrial conference:                         February 23, 2009

28    Trial:                                       March 23, 2009

1      18.    **Trial**

2      The parties request a trial by jury.  The parties expect the trial will last five to seven days.

3      19.    **Disclosure of Non-party Interested Entities or Persons**

4      Plaintiff ***has not*** filed Certifications of Interested Entities or Persons under Civil Local Rule

5  3-16.  Each such party hereby restates that as of this date, other than the named parties, there is no

6  such interest to report.  By the terms of Rule 3-16, defendants City and County of San Francisco, and

7  Officers Sean Frost and Frederick Schiff, sued in their official capacity, are exempt from the

8  certification requirement.

9

10  Dated:  August 15, 2008

11

12                             DENNIS J. HERRERA
                           City Attorney

13                             JOANNE HOEPER
                           Chief Trial Deputy

14

15                  By: _____/s/ *Meredith B. Osborn*_____

16                             MEREDITH B. OSBORN
                           Deputy City Attorney

17

18                             Attorneys for Defendants City and
                           County of San Francisco, Sean Frost & Frederick Schiff

19

20

21

22

23

24

25

26

27

28