DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3911
Facsimile:     (415) 554-3837
E-Mail:        meredith.osborn@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SEPATIS,<br><br>              Plaintiff,<br><br>       vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SEAN FROST, FREDERICK SCHIFF and DOES 1-25, inclusive,<br><br>              Defendants. | Case No. C08-2497 JCS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT & RULE 26(F) REPORT**<br><br>Conference Date:   August 22, 2008<br>Time:              1:30 p.m.<br>Place:             Crtrm A, 15th Floor<br>Judge:             Hon. Joseph C. Spero<br><br>Trial Date:        Not set |

In response to this Court's Case Management Conference Order, the parties submit the following Case Management Statement.

   1.   **Jurisdiction and Service**

Defendants removed this case to federal court and assert federal question jurisdiction under 28 U.S.C. § 1331 and § 1343. Plaintiff sues for damages under 42 U.S.C. § 1983, alleging violation of his civil rights. Defendants do not contest personal jurisdiction or venue.

2.  **Facts**

Plaintiff's Statement of Facts

Plaintiff alleges the following:

On the afternoon of Friday, December 15, 2006, a neighbor of plaintiff William Sepatis reported that her car was damaged as a result of a hit and run accident. The neighbor, Miriam Serxner, reported that her parked car was damaged on Ashbury Street near the corner of Piedmont Street. A note was left on her car by a witness named Brian who left the license plate number of the plaintiff's vehicle as being responsible for damages to the rear of her vehicle. At the time plaintiff's vehicle was parked nearby in front of his home located at 959 Ashbury Street.

Officer Kane ran the license plate and recognized the owner, William Sepatis, as a man who had called Park Station several times to complain about speeding on Ashbury Street. Mr. Sepatis was also known to the officers at Park Station because he had successfully brought a lawsuit for false arrest against officers assigned to Park Station.

Defendant Sean Frost and others responded to the scene of the hit and run and contacted Mr. Sepatis at his home located at 959 Ashbury Street. Mr. Sepatis cooperated with the officers, provided his license and registration, and allowed the officers to inspect his vehicle. He also denied being involved in a hit and run earlier that day.

Defendant Sean Frost took photographs of the damage to the Serxner vehicle and the alleged damage to the Sepatis vehicle as part of his investigation.

Later that night Defendant Sean Frost, with the approval of Sgt. Schiff, caused the plaintiff's vehicle to be towed from his residence, without notice. This was done for punitive purposes and not for a legitimate government interest. The plaintiff was not able to get his car returned to him until the following Monday, December 18th. The plaintiff incurred the loss of use of his vehicle, fees for the towing and storage, and damage to his vehicle as a result of the towing.

The plaintiff has information and believes that his car was towed under the pretext of being placed into evidence in relation to a hit and run. However, his car was never examined, inspected or held for that reason or any other legitimate reason before it was returned to him.

Defendants' Statement of Facts

1  Plaintiff's vehicle was towed by San Francisco Police Department officers on Friday,
2  December 15, 2006 after the officers concluded that there was reasonable cause to believe that the
3  vehicle had been involved in a hit-and-run incident. On December 15, 2006 at approximately 3:30
4  p.m., Miriam Serxner told the officers at Park Police Station that she had been the victim of a hit and
5  run. She provided the license plate number and a description of the vehicle that hit her car. The
6  officers ran the license plate and discovered that the vehicle belonged to plaintiff. Officers Frost and
7  Kacqmarczyk went to plaintiff's residence, knocked on the door, and told plaintiff that the officers
8  were investigating a hit-and-run incident. Plaintiff provided his vehicle and insurance information to
9  the officers, but denied he was involved in a hit-and-run. After this initial encounter, plaintiff refused
10 to speak to the officers when they returned to his residence to give him Serxner's vehicle and
11 insurance information or when they attempted to reach him via telephone.

12  Officer Frost took digital photographs of the damage to both plaintiff's and Serxner's vehicles.
13 He also found another note left on Serxner's car identifying as the vehicle that had hit Serxner's as
14 plaintiff's Toyota RAV4. Officer Frost also contacted witness Brian Heath, who informed Officer
15 Frost that he had witnessed plaintiff's vehicle hit Serxner's vehicle and then continue driving. With
16 Sergeant Schiff's approval, Officer Frost therefore had plaintiff's vehicle towed as evidence for
17 further inspection and investigation into the hit-and-run incident.

18  Defendants contend that all City employees acted reasonably in connection with the tow of
19 plaintiff's vehicle. Defendants further allege that they are entitled to qualified immunity and that
20 there is no basis for *Monell* liability.

21  3. **Legal Issues**

22  The primary legal issues are (1) whether there was any violation of plaintiff's Fourth or
23 Fourteenth Amendment rights and (2) whether defendants are entitled to qualified or absolute
24 immunity for their actions.

25  4. **Motions**

26  The individual defendants intend to move for summary judgment based on qualified
27 immunity. The City also intends to move for summary judgment on the ground that no genuine
28 issues of material fact exist, and the defendants are entitled to judgment as a matter of law.

Defendants also intend move to bifurcate plaintiff's claims against Officers Schiff and Frost from his claims against the City.

5. **Amendment of Pleadings**

Plaintiffs do not currently intend to seek to amend their pleadings.

6. **Evidence Preservation**

Defendants have asked the relevant City departments to preserve evidence, and are attempting to gather all potentially relevant evidence. Plaintiff is preserving such evidence as is in his possession.

**7. Disclosures**

On August 15, 2008, the parties will serve their initial disclosures, identifying all persons with discoverable information that the parties may use to support their claims or defenses, and identifying all categories of documents and things in their possession, custody or control that they may use to support their claims or defenses.

**8. Discovery**

Defendants and the plaintiff need to depose one another and any individuals whom may have been witnesses to events that plaintiff alleges caused him injury and any witnesses to the injuries he alleges. Depending on plaintiff's claims, defendants may also need to conduct a psychiatric examination of the plaintiff as well. The parties also intend to issue written discovery within the limits permitted by the federal rules.

**9. Class Actions**

Not applicable.

10. **Related Cases**

None, to the parties' knowledge.

11. **Relief**

Plaintiff seeks special and general damages, attorneys' fees, punitive and exemplary damages against the individual defendants, and the cost of suit.

12. **Settlement and ADR**

There have been no ADR efforts to date. The parties have agreed that a settlement conference would be appropriate in this case.

13. **Consent to Magistrate for All Purposes**

The parties have consented to proceed before a magistrate judge for any all further proceedings in this case, including trial.

14. **Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

Defendants believe that a summary judgment motion will likely resolve this entire matter. In addition, defendants believe that bifurcating the plaintiff's claims against the City from those against the individual defendants will narrow the issues at trial and obviate the need to try those claims at all.

16. **Expedited Schedule**

The parties do not believe an expedited schedule is appropriate.

17. **Scheduling:**

Joint Proposed Schedule

| | |
|---|---|
| Close of Discovery: | November 29, 2008 |
| Expert Disclosure: | December 23, 2008 (90 days before trial) |
| Rebuttal Expert Disclosure: | January 6, 2009 |
| Last Date to File Dispositive Motions: | January 8, 2009 (45 plus 30 days before trial) |
| Close of Expert Discovery: | January 20, 2009 |
| Deadline for Hearing Dispositive Motions: | February 7, 2009 (45 days before trial) |
| Pretrial conference: | February 23, 2009 |
| Trial: | March 23, 2009 |

18. **Trial**

The parties request a trial by jury. The parties expect the trial will last five to seven days.

19. **Disclosure of Non-party Interested Entities or Persons**

Plaintiff *has not* filed Certifications of Interested Entities or Persons under Civil Local Rule 3-16. Each such party hereby restates that as of this date, other than the named parties, there is no such interest to report. By the terms of Rule 3-16, defendants City and County of San Francisco, and Officers Sean Frost and Frederick Schiff, sued in their official capacity, are exempt from the certification requirement.

Dated: August 18, 2008

                      DENNIS J. HERRERA
                      City Attorney
                      JOANNE HOEPER
                      Chief Trial Deputy

By: _____/s/ *Meredith B. Osborn*_____
      MEREDITH B. OSBORN
      Deputy City Attorney

      Attorneys for Defendants City and
      County of San Francisco, Sean Frost & Frederick Schiff

Dated: August 18, 2008

                      LAW OFFICES OF JOHN SCOTT

By: _____/s/ *John Scott*_____
      JOHN SCOTT
      Attorneys for Plaintiff